1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    JULIAN LOZANO,                              CASE NO. 1:05-CV-552-AWI DLB-P

10                        Plaintiff,             ORDER DISMISSING AMENDED
                                                 COMPLAINT, WITH LEAVE TO AMEND,
11          v.                                   FOR FAILURE TO COMPLY WITH RULE 8

12   DR. TATE, et al.,

13                        Defendants.
                                          /
14

15

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil action.

17   Plaintiff filed this action on September 21, 2005 and filed an amended complaint on September 21,

18   2005.

19          The court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

24   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

25   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

26   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

27          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

28   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

1

1   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467

2   U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt

3   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this

4   standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg.

5   Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most

6   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395

7   U.S. 411, 421 (1969).

8       A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a),

9   which calls for a "short and plain statement of the claim showing that the pleader is entitled to

10  relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the

11  opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does

12  not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only

13  a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the

14  grounds upon which it rests." Id. at 47.  Rule 8(a) also requires that the plaintiff give notice of the

15  relief which he seeks from the defendants.

16      Plaintiff's amended complaint does not comply with Rule 8(a).  Plaintiff identifies several

17  doctors, dentists and medical technical assistants as defendants but plaintiff's allegations are vague,

18  conclusory, and confusing, and fail to place defendants on notice as to the basis of plaintiff's claims

19  against them.  For example, plaintiff alleges, "Schulteis cover up mistakes and had me kept in

20  ad/seg.  L. Buford told doctors what to say on reports (602) and even made verbal threats.  AW

21  Rollstan said at ICC we  made a mistake.  He covered mistakes.  On July 17, 2005, MTA Foster

22  made verbal threats.  MTA Turner heard threats on 7/12/05 and even destroyed 2nd level 602 on

23  MTA Foster.  Avalos knew of medical problems since 1-5-05 and has kept me in ad seg since 7-21-

24  05." (Amend. Comp., p. 3.)  These allegations are nonsensical and do  not constitute a claim for

25  relief that comports with Rule 8.  The remaining allegations in the amended complaint are equally

26  confusing.

27      The court will provide plaintiff with an opportunity to file a complaint that complies with

28  Rule 8.  In addition to this order, plaintiff is directed to review the legal authority below which

2

1    applies to the claims plaintiff appears to be attempting to assert.

2         *Medical Care*

3         A prisoner's claim of inadequate medical care does not constitute cruel and unusual

4    punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

5    needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves

6    an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

7    "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501

8    U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of

9    mind," which entails more than mere negligence, but less than conduct undertaken for the very

10   purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a

11   deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

12   inmate health or safety."  Id.

13        In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

14   civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

15   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

16   Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at

17   105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical

18   condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

19   Medical malpractice does not become a constitutional violation merely because the victim is a

20   prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310,

21   1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other

22   grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross

23   negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood

24   v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

25        *Verbal Threats*

26        Mere verbal harassment or abuse, including the use of racial epithets, does not violate the

27   Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski

28   v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed, with leave to amend, for failure to comply with Rule 8;

2.  Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint setting forth clearly each of his claims and the factual allegations in support of each claim; and

3.  The failure to file a second amended complaint that complies with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 28, 2006**          **_/s/ Dennis L. Beck_**
3b142a                                          UNITED STATES MAGISTRATE JUDGE