1

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT FOR THE

7                        EASTERN DISTRICT OF CALIFORNIA

8

9   JULIAN LOZANO,              )          1:05-cv-00552-AWI-DLB-P
                                )
10         Plaintiff,           )          **FINDINGS AND RECOMMENDATIONS**
                                )          **RE DISMISSAL OF ACTION FOR**
11  vs.                         )          **FAILURE TO OBEY A COURT ORDER**
                                )          **AND FAILURE TO STATE A CLAIM**
12  DR. TATE, et al.,           )          **UPON WHICH RELIEF MAY BE**
                                )          **GRANTED** (Doc. 16)
13         Defendants.          )
    _____ )

14

15       Plaintiff, Julian Lozano ("plaintiff"), is a state prisoner

16  proceeding pro se and in forma pauperis in this civil rights action

17  pursuant to 42 U.S.C. § 1983.

18       By order filed August 29, 2006, the court found that

19  plaintiff's amended complaint failed to state any claims for relief

20  against the named defendants.  The court dismissed plaintiff's

21  amended complaint and ordered plaintiff to file a second amended

22  complaint within thirty (30) days from the date of service of that

23  order.  More than thirty days have passed and plaintiff has not

24  filed a second amended complaint or otherwise responded to the

25  court's.[1]

26  //

27  _____

28       [1] The United States Postal Service returned the order served on plaintiff on September 6, 2006,
    as undeliverable.  A notation on the envelope indicated:  **Return to Sender - Died**.

                                      1

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

2

1    alternatives.   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

2    1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;

3    Ghazali, 46 F.3d at 53.

4         In the instant case, the court finds that the public's

5    interest in expeditiously resolving this litigation and the court's

6    interest in managing the docket weigh in favor of dismissal.   The

7    third factor, risk of prejudice to defendants, also weighs in favor

8    of dismissal, since a presumption of injury arises from the

9    occurrence of unreasonable delay in prosecuting an action.

10   Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).   The fourth

11   factor -- public policy favoring disposition of cases on their

12   merits -- is greatly outweighed by the factors in favor of

13   dismissal discussed herein.   Finally, a court's warning to a party

14   that his failure to obey the court's order will result in dismissal

15   satisfies the "consideration of alternatives" requirement.   Ferdik

16   v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,

17   779 F.2d at 1424.   The court's order of August 29, 2006, requiring

18   plaintiff to file a second amended complaint, expressly stated:

19   "The failure to file a second amended complaint that complies with

20   this order will result in a recommendation that this action be

21   dismissed."   Thus, plaintiff had adequate warning that dismissal

22   would result from non-compliance with the court's order.

23        Accordingly, it is HEREBY RECOMMENDED that this action be

24   DISMISSED for plaintiff's failure to obey the court's order of

25   August 29, 2006, and for the reasons set forth therein, namely, for

26   failure to state a claim upon which relief may be granted.

27        These Findings and Recommendations are submitted to the United

28   States District Judge assigned to the case, pursuant to the

                                    3

1    provisions of Title 28 U.S.C. § 636(b)(1).   Within **eleven (11) days**

2    after being served with these Findings and Recommendations,

3    plaintiff may file written objections with the court.   Such a

4    document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendations."   Plaintiff is advised that failure

6    to file objections within the specified time may waive the right to

7    appeal the District Court's order.   <u>Martinez v. Ylst</u>, 951 F.2d 1153

8    (9th Cir. 1991).

9        IT IS SO ORDERED.

10   **Dated:    November 30, 2006**              _____ **/s/ Dennis L. Beck** _____

     3c0hj8                                       UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4